# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

WYNNEWOOD REFINING COMPANY, LLC,

Plaintiff,

v.

MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,

Defendant.

Civil Action No.

**4:24-CV-02554**

## COMPLAINT

Plaintiff Wynnewood Refining Company, LLC ("Wynnewood"), for its Complaint against Defendant Michael S. Regan in his official capacity as the Administrator of the United States Environmental Protection Agency ("EPA" or "Administrator"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. The Administrator has failed to perform a non-discretionary duty to act on Wynnewood's petition for small refinery hardship relief under the Clean Air Act's Renewable Fuel Standard ("RFS"), 42 U.S.C. § 7545(o)(9)(B)(iii), for the 2023 compliance year.

2. Wynnewood is a small refinery that has received small refinery hardship relief from the RFS in prior years. Wynnewood would once again experience disproportionate economic hardship from the RFS for the 2023 compliance year, so Wynnewood filed a petition for small refinery hardship relief in December 2023.

3. By law, the Administrator was required to decide Wynnewood's hardship petition

within 90 days of receipt. But almost seven months later, the Administrator has not acted on Wynnewood's pending 2023 hardship petition.

4.     The Administrator's failure to act is unlawful and imposes significant hardship on Wynnewood.

5.     Wynnewood seeks a declaration that the Administrator is in violation of the CAA, an order compelling the Administrator to decide Wynnewood's 2023 hardship petition by an expeditious date certain, and Wynnewood's fees and costs for this action.

## PARTIES

6.     Plaintiff Wynnewood Refining Company, LLC, is a small refinery with its headquarters in Sugar Land, Texas.

7.     Wynnewood is a "person" within the meaning of 42 U.S.C. § 7602(e).

8.     Michael S. Regan is the Administrator of the United States Environmental Protection Agency. The Administrator is responsible for implementing the CAA. The Administrator's responsibilities under the CAA include the statutory obligation to decide every petition for small refinery hardship relief under the RFS within 90 days after receipt of that petition. Administrator Regan is sued in his official capacity.

## JURISDICTION

9.     This action arises under the Administrative Procedure Act, 5 U.S.C. § 706, and the Clean Air Act, 42 U.S.C. § 7545(o). This Court has subject matter jurisdiction over Wynnewood's claims under 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 (federal question) and 1361 (mandamus). This Court has authority to order declaratory and injunctive relief under 5 U.S.C. §§ 705, 706; 28 U.S.C. §§ 1361, 2201, and 2202; and 42 U.S.C. § 7604, and to award reasonable attorneys' fees and costs under 42 U.S.C. § 7604(d).

10.     By letter dated May 7, 2024, Wynnewood provided the Administrator written notice of Wynnewood's claim and its intent to bring suit to remedy this CAA violation pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. A true and correct copy of this notice is attached as Exhibit A.

11.     The Administrator was provided with Wynnewood's notice of intent to sue on May 7, 2024, by certified mail and email. A true and correct copy of the email sent to the Administrator on May 7, 2024, is attached as Exhibit B. This action is brought more than 60 days after the Administrator's receipt of the notice of intent to sue. *See* 42 U.S.C. § 7604(b)(2).

## VENUE

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1). The Administrator is an officer or employee of the United States or an agency thereof and is sued in his official capacity. Wynnewood resides in this judicial district—the refinery's principal place of business is located here. 28 U.S.C. § 1391(c)(2). No real property is involved in this action.

## FACTS

13.     The CAA requires that transportation fuel sold or introduced into commerce in the United States contain specified volumes of renewable fuel. EPA and the Administrator set the volumes and oversee this requirement through their administration of the RFS program. *See* 42 U.S.C. § 7545(o).

14.     Because Wynnewood produces transportation fuel, Wynnewood is subject to the RFS requirements under the CAA. *See* 42 U.S.C. § 7545(o)(2)(A)(iii)(I), (3)(B)(ii)(I).

15.     Wynnewood is a "small refinery" under the CAA, because its average daily aggregate crude oil throughput does not exceed 75,000 barrels. *See* 42 U.S.C. § 7545(o)(1)(K).

16.     The CAA allows small refineries to petition "at any time" for relief from its RFS compliance obligations based on disproportionate economic hardship, and EPA must grant that relief if the small refinery demonstrates it will suffer disproportionate economic hardship. 42 U.S.C. § 7545(o)(9).

17.     Wynnewood has filed multiple petitions for small refinery hardship relief because it faces structural challenges that cause it to experience disproportionate economic hardship in complying with the RFS. The Administrator has previously granted small-refinery hardship relief to Wynnewood.

18.     The CAA imposes a mandatory deadline for the Administrator to decide each petition for small refinery hardship relief: "The Administrator shall act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the date of receipt of the petition." 42 U.S.C. § 7545(o)(9)(B)(iii).

19.     Wynnewood submitted a petition for a small refinery hardship relief from compliance with its 2023 RFS obligation. In its petition, Wynnewood documented the reasons why RFS compliance for the 2023 compliance year would cause disproportionate economic hardship.

20.     EPA received Wynnewood's 2023 small refinery hardship petition on December 15, 2023. A true and correct copy of Wynnewood's email submitting its petition to EPA is attached as Exhibit C.

21.     The Administrator had a non-discretionary duty under the CAA to act on Wynnewood's petition within 90 days after receipt. 42 U.S.C. § 7545(o)(9)(B)(iii). The Administrator failed to perform this non-discretionary duty when he did not act on Wynnewood's petition by March 14, 2024.

22.     EPA's March 14 deadline to act on Wynnewood's 2023 hardship petition fell just 17 days before the March 31 deadline for obligated parties to demonstrate RFS compliance for 2023. EPA had repeatedly violated the 90-day statutory deadline to act on hardship petitions in the past, and Wynnewood was not able to sue to compel the Administrator to act until 60 days after giving notice of its intent to sue. 42 U.S.C. § 7604(b)(2). Thus, Wynnewood originally gave notice 60 days before the 90-day statutory decision deadline had run so that Wynnewood would have the opportunity to seek judicial relief before the 2023 compliance deadline.

23.     On January 18, 2024, Wynnewood gave EPA that written notice of its intent to sue the Administrator in accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. In the notice, Wynnewood "urge[d] the Administrator to issue the 2023 hardship decision as soon as possible, so it will be unnecessary to file suit."

24.     Despite receiving that notice, the Administrator still had not acted on Wynnewood's 2023 small refinery hardship petition within the 90-day statutory deadline or within 60 days after Wynnewood's original written notice of its intent to sue. *See* 42 U.S.C. § 7604(b)(2). So Wynnewood brought suit in this Court. *Wynnewood Refining Company, LLC* v. *Michael S. Regan*, 24-cv-1009, Dkt. 1 (Mar. 19, 2024).

25.     As part of that action, Wynnewood moved for a temporary restraining order and preliminary injunction to prevent EPA from enforcing any RFS obligation against Wynnewood until EPA complied with the law and decided Wynnewood's hardship petition. *Wynnewood Refining*, Dkt. 10. In response to Wynnewood's motion, EPA committed in writing not to enforce any RFS obligation against Wynnewood until after deciding Wynnewood's petition. In light of that commitment Wynnewood no longer needed preliminary judicial relief and withdrew its motions. *See Wynnewood Refining*, Dkt. 22.

26.     During that litigation, EPA communicated to Wynnewood that it believed Wynne-

wood's original notice of intent to sue was defective because it had been issued prior to the running

of the 90-day statutory decision deadline. Wynnewood disagreed and still disagrees with EPA on

that point. But out of an abundance of caution, and in light of EPA's written commitment not to

seek enforcement, Wynnewood voluntarily dismissed its complaint, *Wynnewood Refining*, Dkt.

26, 27, and filed a new notice of intent to sue on May 7, 2024 (Exhibit A).

27.     More than 60 days have passed since Wynnewood gave the Administrator new

written notice of its intent to sue. *See* 42 U.S.C. § 7604(b)(2). Despite the statutory deadline pass-

ing more than 100 days ago, and more than 200 days after EPA's receipt of Wynnewood's petition,

and after having received multiple notices of EPA's CAA violation, the Administrator still has not

acted on Wynnewood's 2023 small refinery hardship petition.

28.     The Administrator's disregard for the 90-day statutory deadline to act on small

refinery hardship petitions is unfortunately not unique. In a recent report, the United States Gov-

ernment Accountability Office ("GAO") found that EPA resolved small refinery hardship petitions

for the 2019 compliance year "on average, more than 700 days" after receiving them, or 610 days

after the statutory deadline.[1]

29.     Wynnewood's interests have been, are being, and will continue to be damaged by

the Administrator's failure to comply with the statutory deadline to act on Wynnewood's pending

2023 small refinery hardship petition. The CAA guarantees Wynnewood a prompt decision on its

hardship petition. By nevertheless refusing to act on that petition, the Administrator is damaging

---

[1] GAO, Renewable Fuel Standard: Actions Needed to Improve Decision-Making in the Small Refinery Exemption Program, GAO-23-104273, at 48 (Nov. 3, 2022), https://www.gao.gov/products/gao-23-104273.

Wynnewood's ability to do business and plan for statutory compliance. The Administrator's failure to act further deprives Wynnewood of procedural rights and protections to which it is entitled.

30.     The relief requested herein would redress these injuries.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 7604(a)

31.     Wynnewood realleges and incorporates by reference paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.     The Administrator has a non-discretionary duty to decide Wynnewood's 2023 petition for small refinery hardship relief within 90 days after receipt. *See* 42 U.S.C. § 7545(o)(9)(B)(iii).

33.     The CAA allows any person to bring suit to compel the Administrator to perform a non-discretionary duty. *See* 42 U.S.C. § 7604(a).

34.     It has been more than 90 days since the Administrator received Wynnewood's 2023 small refinery hardship petition. The Administrator has not acted on the petition.

35.     It has been more than 60 days since Wynnewood gave written notice to the Administrator of its intent to initiate this lawsuit. Wynnewood therefore satisfied the CAA's notice requirement before commencing this action. *See* 42 U.S.C. § 7604(b)(2).

36.     The Administrator's failure to act has violated, and continues to violate, the CAA and constitutes a "failure of the Administrator to perform any act or duty . . . which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2).

37.     Wynnewood is entitled by 42 U.S.C. § 7604(a)(2) to bring a civil action to address the Administrator's failure.

38.     The Administrator's violation is ongoing and will continue to harm Wynnewood unless remedied by the Court.

**SECOND CAUSE OF ACTION**
**5 U.S.C. § 706(1)**

39.     Wynnewood realleges and incorporates by reference paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.     Section 706(1) empowers a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Section 706(1) authorizes courts to compel an agency "to take a discrete agency action that it is required to take." *Norton* v. *S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted).

41.     Deciding a hardship petition within 90 days of receipt is a discrete action that EPA was required by 42 U.S.C. § 7545(o)(9)(B)(iii) to take.

42.     EPA failed to take that action on Wynnewood's hardship petition. And it failed to take that action within the time period expressly prescribed by Congress. EPA has both "unlawfully withheld" and "unreasonably delayed" its decision on Wynnewood's hardship petition. 5 U.S.C. § 706(1).

43.     This Court is authorized to "compel" EPA to act. 5 U.S.C. § 706(1).

**REQUEST FOR RELIEF**

WHEREFORE, Wynnewood requests that this Court enter judgment against the Administrator providing the following relief:

A.     A declaration that the Administrator has violated the CAA by failing to grant or deny Wynnewood's 2023 petition for small refinery hardship relief within 90 days after receipt; and

B.     An order compelling the Administrator to perform his non-discretionary duty to decide Wynnewood's 2023 small refinery hardship petition by an expeditious date certain; and

C.     An order retaining jurisdiction over this matter until such time as the Administrator complies with his non-discretionary duty under the CAA; and

D.     An order awarding Wynnewood its costs of litigation, including reasonable attorneys' fees, under 42 U.S.C. § 7604(d); and

E.     All other and further relief as the Court deems just and equitable.


Dated:  July 8, 2024                              Respectfully submitted:

                                                  By:  */s/ Katherine E. May*
                                                       Katherine E. May (*attorney-in-charge*)
                                                       TX State Bar No. 24116732
                                                       S.D. TX Bar Id. 3669046
                                                       **PERKINS COIE LLP**
                                                       500 N. Akard Street, Suite 3300
                                                       Dallas, TX 75201
                                                       Telephone:214.965.7700
                                                       Facsimile: 214.965.7799
                                                       KMay@perkinscoie.com

                                                       Michael R. Huston (*of counsel*)
                                                       (*pro hac vice* pending)
                                                       AZ Bar No. 038763
                                                       Karl J. Worsham (*of counsel*)
                                                       (*pro hac vice* pending)
                                                       AZ Bar No. 035713
                                                       **PERKINS COIE LLP**
                                                       2525 East Camelback Road, Suite 500
                                                       Phoenix, AZ  85016
                                                       Telephone: 602.351.8000
                                                       Facsimile: 602.648.7000
                                                       MHuston@perkinscoie.com
                                                       KWorsham@perkinscoie.com

                                                       *Attorneys for Plaintiff Wynnewood Refining Company, LLC*