UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| WYNNEWOOD REFINING COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | No. 4:24-cv-02554 |

**DEFENDANT'S REPLY IN SUPPORT OF
CROSS-MOTION FOR SUMMARY JUDGMENT**

The only issue for the Court to decide on Count 1 is the appropriate deadline to order EPA to act. EPA respectfully requests that the Court order a deadline to decide Plaintiff's exemption petition that is no earlier than January 30, 2025. That proposed deadline accounts for EPA's need to address recent case law developments and reach a fully considered exemption decision that can withstand judicial review.

On Plaintiff's Administrative Procedure Act claim, which is Count 2, Plaintiff does not dispute that EPA is entitled to summary judgment because the Clean Air Act citizen-suit provision provides an adequate remedy.

**ARGUMENT**

**I.   On Count 1, the Court should order a deadline that is no earlier than January 30, 2025.**

EPA acknowledges that it has not acted on Plaintiff's exemption petition within the deadline in the Clean Air Act. The only question for the Court is the appropriate deadline that it should impose by judicial order. In making that determination, the key question is what would be

1

a "pragmatic" and "reasonable" timeframe to require the agency to act. *NRDC v. N.Y. State Dep't of Env't Conservation*, 700 F. Supp. 173, 181 (S.D.N.Y. 1988); *see also In re Ozone Designation Litig.*, 286 F. Supp. 3d 1082, 1087 (N.D. Cal. 2018); *Maryland v. Pruitt*, 320 F. Supp. 3d 722, 732 n.8 (D. Md. 2018). Among other things, the Court should consider that the agency has "budgetary commitments and manpower demands," as well as other competing obligations. *Ala. Power Co. v. Costle*, 636 F.2d 323, 359 (D.C. Cir. 1979) (quoting *NRDC v. Train*, 510 F.2d 692, 712 (D.C. Cir. 1974)). Rather than focusing on the agency's past conduct, the Court should perform a forward-looking inquiry to determine how much time the agency should be given to act. *Maryland*, 320 F. Supp. 3d at 732 n.8.

The agency declaration that accompanied EPA's cross-motion explained that assessing a small refinery exemption petition typically requires 16 to 18 weeks, but EPA can act here in 90 days following receipt of a complete petition. Bunker Decl. (ECF No. 23-2) ¶¶ 19, 29. This timeframe accounts for the specific steps in the process that EPA explained in its declaration, including the statutorily required consultation with the Department of Energy. *Id.* ¶¶ 16–19; 42 U.S.C. § 7545(*o*)(9)(B)(ii). It would not be beneficial to anyone if EPA had to skip or shortchange some of those steps of its deliberative process. In the past, EPA has been sued both for granting and denying small refinery exemptions. EPA Mem. (ECF No. 23-1) at 7. A short deadline runs the risk of forcing EPA to rush a decision, which could reduce the likelihood of the decision withstanding judicial review—an outcome that would disserve the public interest, as well as the interests of the small refinery and of EPA.

Plaintiff downplays the broader context. Plaintiff's exemption petition is not the only one before the agency. EPA must decide a significant number of other exemption petitions, and it must do so during a time of legal uncertainty resulting from developments in the relevant case

2

law. Bunker Decl. ¶ 23; *Calumet Shreveport Refin., LLC v. EPA*, 86 F.4th 1121 (5th Cir. 2023), *cert. granted*, *EPA v. Calumet Shreveport Refin., LLC*, No. 23-1229, 2024 WL 4529794 (U.S. Oct. 21, 2024); *Sinclair Wyo. Refin. Co. LLC v. EPA*, 114 F.4th 693 (D.C. Cir. 2024). In particular, the Supreme Court's review of the Fifth Circuit's *Calumet Shreveport* decision is ongoing. Plaintiff is correct that the Supreme Court granted certiorari only on the Fifth Circuit's venue holding and not on its interpretation of the small refinery exemption statutory provision. Nonetheless, the entire Fifth Circuit decision could be vacated if the Supreme Court were to conclude that the Fifth Circuit lacked venue and should not have decided the case—making it uncertain whether EPA can rely on the Fifth Circuit's decision in the interim. Bunker Decl. ¶ 27. Plaintiff tries to assert that the legal uncertainty is "entirely self-inflicted" by EPA. P. Resp. (ECF No. 24) at 3. But that dismissive characterization glosses over the real challenges to EPA of having to reassess its evaluation methodology in compliance with recent and significant judicial decisions. Bunker Decl. ¶ 23.

In response to EPA's proposed remedy, Plaintiff argues that it needs EPA to act in December to have a chance at seeking a stay of the compliance deadline from the court of appeals before March 31, 2025. P. Resp. at 4–5. Plaintiff attempts no response to EPA's explanation that no such stay is necessary, given that EPA has not previously sought to compel Plaintiff or any other small refinery to meet its compliance obligations during the pendency of an exemption petition or judicial review of an exemption decision. Bunker Decl. ¶ 24. In addition, EPA has submitted to the Office of Management and Budget, for review under Executive Order 12866, a proposed rule to extend the compliance deadline that is currently set for March 31, 2025. https://www.reginfo.gov/public/do/eoDetails?rrid=774414 (proposed rule titled "Renewable Fuel Standard (RFS) Program: Partial Waiver of 2024 Cellulosic Biofuel Volume

3

Requirement and Extension of 2024 Compliance Deadline"). Finalization of that rulemaking would address any concern that an exemption decision by January 30, 2025 would not leave enough time for Plaintiff to seek a stay of its compliance obligation before the compliance deadline. Plaintiff's argument, in any event, is based on a hypothetical briefing schedule in a potential future court of appeals case. Rather than speculating about a case that may never even be filed, the Court should set the deadline based on its assessment of a reasonable, pragmatic amount of time for EPA to act.

Plaintiff also asserts ongoing harm from the pending status of the exemption petitions. P. Resp. at 3–4. As EPA explained in its previously filed declaration, Plaintiff can avoid that harm by complying with its Renewable Fuel Standard obligation, either by retiring the necessary RINs or carrying forward its obligation into the following year. Bunker Decl. ¶¶ 10–12. If EPA subsequently grants an exemption, EPA will return the unexpired RINs to the refinery. *Id.*

Finally, Plaintiff argues that EPA's need for a complete exemption petition is a "made up" "litigation defense." P. Resp. at 7. As EPA explained in its supporting declaration, the missing information was required from the outset, and Plaintiff had good reason to know that. Bunker Decl. ¶¶ 14–15, 25–26. Plaintiff argues that it already submitted the underlying information, and the deficiency in its petition was one of form not substance. P. Resp. at 8. But because refineries do not calculate their Renewable Fuel Standard costs in a uniform way, the standardized submission format is necessary for EPA to properly assess those costs.

In sum, the Court should set a deadline for EPA to act on Plaintiff's exemption petition that is no earlier than January 30, 2025. If the Court were to disagree and set an earlier deadline, or if the Court does not issue an order until after that date, then EPA respectfully requests that

the Court set a deadline that is at least 10 business days after the date of the Court's order, to allow enough time for EPA to comply.

## II. The Court should enter summary judgment in EPA's favor on Count 2.

Plaintiff does not dispute that the second cause of action under the Administrative Procedure Act is unavailable because the Clean Air Act citizen-suit provision provides an adequate remedy. 5 U.S.C. § 704 (authorizing judicial review when "there is no other adequate remedy in a court"). EPA is entitled to summary judgment on Count 2.

### CONCLUSION

The Court should grant EPA's cross-motion for summary judgment.

Respectfully submitted,

TODD KIM
Assistant Attorney General

*Of Counsel:*

SAMUEL STRICKLAND
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave NW
Washington, D.C. 20460

/s/ Tsuki Hoshijima
TSUKI HOSHIJIMA
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3285
tsuki.hoshijima@usdoj.gov

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I certify that on November 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

/s/ Tsuki Hoshijima