United States District Court
Southern District of Texas
**ENTERED**
December 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WYNNEWOOD REFINING COMPANY, LLC, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-02554 |
| MICHAEL S. REGAN, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiff Wynnewood Refining, LLC's Motion for Summary Judgment (the "Motion") (Doc. #21) and Defendant Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency's ("EPA") Cross-Motion for Summary Judgment (the "Cross-Motion") (Doc. #23). Having considered the parties' arguments and the applicable legal authority, the Court grants Plaintiff's Motion in part and grants the EPA's Cross-Motion in part.

**I.  Background**

Plaintiff is a small refinery that produces transportation fuel. Doc. #1 ¶¶ 13–14. On December 15, 2023, Plaintiff petitioned the EPA for small refinery hardship relief under the Clean Air Act's ("CAA") Renewable Fuel Standard, 42 U.S.C. § 7545(o)(9)(B)(iii), for the 2023 compliance year. *Id.* ¶¶ 1–2; Doc. #1, Ex. 3. The CAA imposes a 90-day deadline for the EPA to decide petitions for hardship relief. 42 U.S.C. § 7545(o)(9)(B)(iii) ("The Administrator shall act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the date of receipt of the petition."). However, the EPA failed to resolve Plaintiff's hardship

petition within the statutory deadline. Thus, on May 7, 2024, Plaintiff sent the EPA a notice of intent to sue, pursuant to 42 U.S.C. § 7604(b)(2), for failure to act on the hardship petition. Doc. #1, Ex. 1; *see* 42 U.S.C. § 7604(b)(2) (providing that "[n]o action may be commenced . . . prior to 60 days after the plaintiff has given notice of such action to the Administrator"). To date, however, the EPA has still not resolved Plaintiff's hardship petition.

Plaintiff filed its Complaint on July 8, 2024, asserting claims under 42 U.S.C. § 7604(a) ("Section 7604(a)") and 5 U.S.C. § 706(1) ("Section 706(1)"). Doc. #1. In the Complaint, Plaintiff seeks an order (1) declaring that the EPA has violated the CAA by failing to act on the hardship petition and (2) compelling the EPA to resolve the hardship petition by December 13, 2024. *Id.* On October 4, 2024, Plaintiff filed its Motion seeking summary judgment on its claims. Doc. #21. The EPA filed its Cross-Motion on October 29, 2024. Doc. #23. In the Cross-Motion, the EPA "does not dispute liability under the Clean Air Act citizen-suit provision," but asks that the Court order the EPA to resolve the hardship petition by January 30, 2025, rather than Plaintiff's requested December 13, 2024 deadline. *Id.* The EPA has also moved for summary judgment with respect to Plaintiff's second cause of action under Section 706(1). Doc. #23, Ex. 1 at 13–14.

## II.    Legal Standard

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### III. Analysis

The parties have cross-moved for summary judgment on both of Plaintiff's claims, which the Court will address in turn.

#### a. Section 7604(a)

With respect to Plaintiff's claim under Section 7604(a), there is no dispute that the EPA violated its statutory obligation to decide Plaintiff's hardship petition within 90 days, as prescribed in Section 7545(o)(9)(B)(iii). *See* Doc. #23, Ex. 1 at 8 ("EPA acknowledges that it has not acted on Plaintiff's exemption petition within ninety days, as Congress directed EPA to do . . . ."). The parties also do not dispute that Plaintiff may seek relief for the EPA's delay by way of Section 7604(a), which permits district courts "to compel" the EPA "to perform any act or duty under this chapter which is not discretionary." 42 U.S.C. § 7604(a)(2)–(3). However, the parties do not agree on the deadline by which the Court should order the EPA to act. Plaintiff asks the Court to compel the EPA to resolve the hardship petition by December 13, 2024, whereas the EPA has requested a January 30, 2025 deadline. Doc. #21, Ex. 1 at at; Doc. #23, Ex. 1 at 8.

In support of its requested deadline, the EPA argues that it needs more time to "consider recent case law developments" and "obtain relevant information." Doc. #23, Ex. 1 at 9. The EPA also cites "resource constraints." *Id.* Given that the EPA has had Plaintiff's 2023 hardship petition

for nearly a year and has failed to act despite Plaintiff's repeated pre-litigation requests, the Court finds that the EPA's arguments for an extended deadline are unpersuasive.[1] *See Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 53 (D.D.C. 2006) (noting that an agency may have legitimate constraints on meeting statutory deadlines where the agency has budgetary limitations or lacks "manpower," but courts "have rejected agency claims that additional time is needed simply to improve the quality or soundness of the regulations to be enacted"). However, in order to give the EPA sufficient time to resolve Plaintiff's hardship petition, the Court will order the EPA to decide Plaintiff's hardship petition within 21 days of the entry of this Order. Therefore, Plaintiff's Motion is granted in part with respect to its Section 7604(a) claim, and the EPA's Cross-Motion is denied with respect to this claim.

    b.    **Section 706(1)**

Next, in its Cross-Motion, the EPA seeks summary judgment on Plaintiff's Section 706(1) claim because the CAA's "citizen-suit provision provides an adequate remedy." Doc. #23, Ex. 1 at 13. Plaintiff does not respond this argument or otherwise defend its Section 706(1) claim. *See* Doc. #24. Under Section 706(1), courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, relief under Section 706(1) is only available when "there is no other adequate remedy in a court." *Id.* § 704. Plaintiff does not dispute the EPA's argument that the CAA's citizen-suit provision—Section 7604—provides an adequate remedy in this case. As such, the Court will grant summary judgment as it pertains to Plaintiff's

---

[1] The Court notes that Chief Judge Brian Morris in the United States District Court for the District of Montana addressed a nearly identical issue, wherein a small refinery filed an action seeking to compel the EPA to act on its hardship petition by December 13, 2024, and the EPA requested a January 30, 2025 deadline. *Calumet Mont. Refin., LLC v. Regan*, No. 24-cv-62 (D. Mont.). When the parties cross-moved for summary judgment, Judge Morris granted the plaintiff's motion in part and ordered the EPA to comply by January 3, 2025. *Id.*

claim under Section 706(1). *See Burrell v. PTCAA Texas, L.P.*, No. 4:21-CV-3846, 2023 WL 3006662, at *2 (S.D. Tex. Apr. 19, 2023) ("A party's failure to respond to arguments raised in a motion for summary judgment constitutes waiver or abandonment of those issues at the district court level.").

### IV. Conclusion

In conclusion, the Court finds that Plaintiff's Motion (Doc. #21) is hereby GRANTED IN PART. Specifically, the Court hereby GRANTS summary judgment in Plaintiff's favor as to its Section 7604(a) claim. The EPA is therefore ORDERED to decide Plaintiff's 2023 hardship petition within 21 days of the entry of this Order. Moreover, the EPA's Cross Motion (Doc. #23) is hereby GRANTED IN PART, only with respect to Plaintiff's Section 706(1) claim. The Cross-Motion is DENIED as to the EPA's requested deadline.

It is so ORDERED.

DEC 1 2 2024
Date

The Honorable Alfred H. Bennett
United States District Judge